UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUE A. WILSON,

                                    Plaintiff,

                                                      CIVIL CASE NO. 05-40044

v.

COMMISSIONER OF SOCIAL SECURITY,            HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT
                                    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Before this Court are Plaintiff's motion for summary judgment filed on May 27, 2005, Defendant's motion for summary judgment filed on August 24, 2005, and Magistrate Judge R. Steven Whalen's Report and Recommendation. The Magistrate Judge served the Report and Recommendation on the parties on November 4, 2005, and notified the parties that any objections must be filed within ten days of service. Plaintiff timely filed objections to the Report and Recommendation, and Defendant filed a response. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation, granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment.

### I.     Background

Plaintiff filed an application for disability benefits on April 3, 2003 alleging that her date of disability had commenced on February 28, 2003. After Plaintiff's disability application was denied, Plaintiff requested, and was granted, a hearing on her application. The hearing was held on August 12, 2004. As a result of the hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's

disability benefits.  Plaintiff appealed the ALJ's decision to the Appeals Council, which declined to grant a review.  Because the Appeals Council declined to hear Plaintiff's appeal, the decision by the ALJ to deny disability benefits to Plaintiff became the final decision of the Social Security Commissioner.  Plaintiff appealed the ALJ decision to this Court pursuant to 42 U.S.C. § 405(g). After the Magistrate Judge recommended to uphold the ALJ decision, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

Plaintiff is seeking social security benefits for a variety of physical and non-physical impairments and pain that limit her range of motion and and her job opportunities.  Plaintiff previously worked as a secretary at her husband's auto part store up until the time of her disability application.  Plaintiff testified that her work consisted of answering the telephone, monitoring the business ledgers, and other accounting activities. Plaintiff alleges that because of her condition, she can no longer continue working the way she had in the past.

The ALJ found that Plaintiff did have medical conditions that limited her abilities making her unable to perform her past work.  However, the ALJ found that these medical impairments were not sufficient to grant disability benefits.  In support of this conclusion, the ALJ found that Plaintiff still retained a residual functional capacity to perform a wide range of other sedentary work.  The ALJ found that Plaintiff still was able to sit through movies weekly, go out to eat, drive, garden, assist with her daughter's homework, maintain the household finances, shop, do laundry, cook, mop, sew, work on the computer, read, clean the home, and do a variety of other activities.  The ALJ also relied on the testimony and findings of a vocational expert, who concluded that there were thousands of sedentary positions that Plaintiff could perform, such as surveillance monitor and information

2

clerk.  Considering all this and other evidence, the ALJ concluded that Plaintiff did not qualify for disability benefits and consequently denied her application.

## II.      Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections.  If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard.  *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.).  If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo.  Lardie,* 221 F. Supp. 2d at 807.  The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).  Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made.  *See Lardie,* 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation.  *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court may supplement the record by entertaining additional evidence, but is not required to do so.  12 Wright,

Federal Practice § 3070.2.  After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge.  *See Lardie,* 221 F. Supp. 2d at 807.  If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation.  *See id.*; 12 Wright, Federal Practice § 3070.2.  Because Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation, this Court will review it *de novo.*

### III.    Analysis

Because the Appeals Council declined to grant Plaintiff's request for appeal, the decision made by the ALJ became the final decision of the Social Security Commissioner.  *See Casey v. Sec'y of Health and Human Services,* 987 F.2d 1230, 1232 (6th Cir. 1993).  A final decision of the Commissioner may be appealed to a district court pursuant to 42 U.S.C. § 405(g).  This final decision must be affirmed by the District Court if the Commissioner applied the correct legal standards and if the findings of fact are supported by substantial evidence.  *Longworth v. Commissioner Social Security Administration,* 402 F.3d 591, 595 (6th Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  "Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)).  Moreover, "[i]f substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that

4

would have supported an opposite conclusion.'" *Longworth*, 402 F.3d at 595 (quoting *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997)).

Considering the entire administrative record in this case, the Court finds that there is substantial evidence to support the ALJ's ruling.  First, the record indicates that Plaintiff's impairments at times were reduced with the proper medication and physical therapy.  Further, the record indicates that Plaintiff is able to sit through movies weekly, go out to eat, drive, garden, assist with her daughter's homework, maintain the household finances, shop, do laundry, cook, mop, sew, work on the computer, read, clean the home, and do other activities.  Moreover, the record contains sufficient evidence from the testimony of the vocational expert supporting the finding that Plaintiff could perform thousands of available sedentary jobs.  The Court concludes for these reasons that the record contains substantial evidence to support the ALJ's decision that Plaintiff is not entitled to disability benefits.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections to the Magistrate Judge's Report and Recommendation [docket entry 14] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 13] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry 7] is **DENIED** and Defendant's motion for summary judgment [docket entry 12] is **GRANTED**.

**SO ORDERED.**

Dated:   March 10, 2006           s/Paul V. Gadola
                                     HONORABLE PAUL V. GADOLA
                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on __March 10, 2006__ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____James A. Brunson; Kenneth F. Laritz_____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845

6